**LAVELL, Plaintiff-Appellant, v. RASKIN HOTEL COMPANY, Defendant-Appellee.**

Ohio Appeals, First District, Hamilton County.

No. 7367. Decided February 20, 1951.

Burke & Cooney, Cincinnati, for plaintiff-appellant.
Rendigs, Fry & Kiely, Cincinnati, for defendant-appellee.

## OPINION

By THE COURT:

In this case there were two issues submitted to the jury—negligence, and contributory negligence. A general verdict

for defendant was returned by the jury. No interrogatories were submitted.

We have examined the record and the claim of errors by the appellant. We find no prejudicial error relating to the issue of negligence. Appellant claims error in that part of the charge relating to the testimony of an expert witness but the most that can be said about it is that the court did not specifically state that if the jury found the assumed facts to be true, then they would not be bound thereby, but were bound to give his opinion such weight as their sound judgment and experience would dictate. There was no special exception to this part of the general charge. The error, if any, is one of omission, not commission.

It is also assigned as error that the Court, after properly charging on the burden of proof on the issues of negligence and contributory negligence, and the degree of proof to discharge the burden, then charged: "If you find by the weight of the evidence that both the defendant and the plaintiff were guilty of negligence" then the plaintiff could not recover. It is urged that the court should have used express language indicating a tilting of the scale. As this language was applied impartially to both plaintiff and defendant, it could not possibly have prejudiced the jury, particularly in view of the fact that the court had already defined the burden of proof as it applied to contributory negligence as well as to negligence.

A reference to 45 "Words & Phrases," 19, and other sources, seems to indicate that "Weight of Evidence" has been frequently used to indicate greater weight of the evidence.

The appellant also claims that the court erred in charging that if the water which overflowed came from faucets which plaintiff had opened and left open, then plaintiff was negligent, without leaving the issue of reasonable care, in that instance, to the jury.

It would appear that this is error and would require a reversal if the record showed it was prejudicial. However, as already noted, there were two issues in this case. The issue of negligence was properly submitted, and it may very well be, so far as this record discloses, that the verdict was based on the jury's conclusion that the defendant was not negligent, and thus, the issue of contributory negligence was never reached. **Bush v. Harvey Transfer Co., 146 Oh St, 657.**

For these reasons, the judgment is affirmed.

HILDEBRANT, PJ, MATTHEWS & ROSS, JJ, concur.